UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMMAD SAEED ASLAM,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERTO R. GONZALES, et al.,<br><br>    Defendants. | No. C06-614MJP<br><br>ORDER DENYING MOTION TO DISMISS AND HOLDING CASE IN ABEYANCE FOR SIXTY DAYS |

   This matter comes before the Court on Plaintiff's Petition for Hearing on his Naturalization Application (Dkt. No. 1) and the parties' responses to the Court's Order to Show Cause why the Court should not grant Plaintiff's application for naturalization. (Dkt. No. 12). Defendants Response was both a response to the Court's Order to Show Cause as well as a motion to dismiss or remand. (Dkt. No. 13). Having reviewed Plaintiff's Petition, the Government's Response to the Order to Show Cause (Dkt. No. 13), Plaintiff's Reply (Dkt. No. 15), the Government's Reply (Dkt. No. 16), and Plaintiff's (second) Reply (Dkt. No. 17), the Court DENIES the Government's motion to dismiss and holds the case in abeyance for sixty days to give the Government time to complete the FBI name check.

**Background**

   Plaintiff Mohammed Saeed Aslam is a lawful permanent resident of the United States who filed an application for naturalization with the United States Citizenship & Immigration Services (CIS), Form N-400, on October 27, 2003. (Pet. ¶ 10, Exh. 1). In November 2003, as part of the required background check performed on all naturalization applicants, CIS forwarded to the FBI a

ORDER - 1

"name check" for Mr. Aslam.[1] (Harrison Decl. ¶ 9)  On April 19, 2004, USCIS conducted an interview of Mr. Aslam concerning his application for naturalization. (Pet. ¶ 10).  At that interview, Mr. Aslam passed the English language proficiency test and demonstrated his knowledge of United States history and government. (Id.)  CIS informed Mr. Aslam that it could not process his application completely until the Federal Bureau of Investigations (FBI) completed its background check on Mr. Aslam. (Pet. Exh. 2).  In May 2006, CIS forwarded a request to the FBI that the FBI "expedite" Mr. Aslam's name check.[2]  The name check has not been completed. (Cannon Decl. ¶ 7). According to CIS, Mr. Aslam's application for naturalization cannot be adjudicated until the FBI completes the name check. (Defs. Resp. at 2; Harrison Decl. ¶ 9).

Mr. Aslam requests that the Court either enter an order adjudicating his naturalization application and administer his oath or remand to CIS to immediately adjudicate his naturalization application. (Pet. ¶ 19).  Defendants request that the case either be dismissed or remanded to CIS with instructions that the agency promptly adjudicate the naturalization application as soon as the name check and other FBI investigative reports have been received, and that the agency provide periodic status reports to the Court. (Resp. 2-3).

## Jurisdiction

The Court has jurisdiction over this matter.  As the Government is well aware, the Court has already stated, both in this case, and another similar case, that the Court has subject matter jurisdiction over this type of case under 8 U.S.C. § 1447(b).[3] (See Order to Show Cause, Dkt. No.

---

[1] The FBI name check apparently consists of cross-referencing an applicant's name against FBI investigative databases containing information that is not necessarily revealed by the FBI's fingerprint check or the Department of Homeland Security's Interagency Border Inspection System. (Harrison Decl. ¶ 4).

[2] In her declaration, Julia Harrison, the Assistant District Director of the Seattle District officer for CIS states that the request for "expeditious handling" is the "only action that USCIS can take in seeking to expedite the processing" of the name check. (Harrison Decl. ¶)

[3] 8 U.S.C. § 1447(b) provides as follows:

If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district

ORDER - 2

12; Said v. Gonzales, Case No. 6-986 (Sept. 21, 2006)).  As already explained, the Court declines to follow the reasoning articulated by the Eastern District of Virginia in Danilov v. Aguirre, 370 F. Supp. 2d 441 (E.D. Va. 2005), in which that court concluded that district courts do not have jurisdiction over naturalization applications until CIS and the FBI have completed the interview and all background checks.  Instead, the Court agrees with the majority of district courts that have considered this question and concludes that the Court has jurisdiction because more that 120 days have passed since the date on which the CIS conducted an "examination."  See Khan v. Chertoff, 2006 WL 2009055, at 1-2 (D. Ariz. 2006); Shalabi v. Gonzales, Case No. 4:06CV866, at 6-7 (E.D. Mo., Oct. 23, 2006); El-Daour v. Chertoff, 417 F. Supp. 2d 679, 681-83 (W.D. Pa. 2005).  The statute and accompanying regulations use the term "examination" to refer to the interview date, not, as the Danilov court concluded, the entire process of conducting the interview and completing the background checks.  See 8 U.S.C. § 1447(b) (stating that the operable date is the "date on which the examination is conducted") (emphasis added); 8 C.F.R. § 335.1 (mandating that CIS "conduct an investigation of the applicant" that includes "a review of all pertinent records, [and] police department checks. . . ."); 8 C.F.R. § 335.2(b) (stating that full criminal background check must be completed before examination is conducted); but see Danilov, 370 F. Supp. at 443.  Therefore, the Court has subject matter jurisdiction over Mr. Aslam's petition.

**Available Relief**

It is undisputed that CIS has failed to make a determination on Mr. Aslam's petition for naturalization within 120 days after his examination in violation of 8 U.S.C. § 1447(b).  Plaintiff requests that the Court make its own finding of statutory eligibility and qualification for citizenship. But the Court is not equipped to conduct the kind of investigation required to determine whether an applicant presents a risk to national security or public safety.  See El-Daour v. Chertoff, 417 F. Supp. 2d 679, 684 (W.D. Pa. 2005).  And to conduct a naturalization hearing without the completion of a

---

in which the applicant resides for a hearing on the matter.  Such court has jurisdiction
over the matter and may either determine the matter or remand the matter, with
appropriate instructions, to the [USCIS] to determine the matter.

ORDER - 3

background check "would contravene Congress's intent that an FBI background [check] is to be completed prior to the adjudication of every naturalization application." Essa v. U.S. Citizen & Immigration Serv., No. 05-1449, 2005 U.S. Dist. LEXIS 38803, at *8 (D. Minn. Dec. 14, 2005); see also Tyomkina v. Gonzales, Case No. C06-1306JLR at 3 (W.D. Wash., Nov. 6, 2006). For these reasons, the Court declines to make a determination of Mr. Aslam's naturalization application at this time.

Nevertheless, the Court is disturbed by the possibility that a determination on Mr. Aslam's naturalization application will be endlessly delayed. Mr. Aslam is "understandably anxious to complete the naturalization process so he can fully enjoy the benefits of United States citizenship." El-Daour, 417 F. Supp. 2d at 683 (quoting Alkenani v. Barrows, 356 F. Supp. 2d 652, 657 (N.D. Tx. 2005)).

Considering both the Government's interest in public safety and national security and Mr. Aslam's individual interest in having his naturalization application adjudicated, the Court holds the case in abeyance for sixty (60) days to give the Government time to complete the FBI name check. CIS is instructed to use every available means to expedite this process. The parties are instructed to file a joint status report with the Court within sixty (60) days of the date of this Order. If the FBI has completed its name check, the Court will remand with instructions to immediately make a decision on Mr. Aslam's naturalization application. If the FBI still has not completed the name check within sixty days, the Government must appear on February 23, 2007, at 11:00 a.m., to show cause why Mr. Aslam should not be immediately naturalized.

**Motion to Amend**

In an additional filing, entitled "Reply," Mr. Aslam requests that he be allowed to amend his petition to allege claims under the Privacy Act, 5 U.S.C. 552a. He also alleges claims under 8 C.F.R. 103.2(b)(16). (Dkt. No. 17). The Court construes Mr. Aslam's filing as a surreply under Local Rule 7(g) and concludes that it is not proper. If Mr. Aslam wishes to file a motion to amend his complaint, he must follow the local and federal rules in so doing. The Court will therefore not consider the arguments and assertions raised in the Surreply.

ORDER - 4

**Conclusion**

For these reasons, the Government's motion to dismiss or remand is denied and the case is held in abeyance for sixty (60) days while the FBI completes Mr. Aslam's name check. The parties are to file a joint status report updating the Court on the status of Mr. Aslam's application and name check no later than February 20th, 2007. If the FBI name check has not been completed at that time, the Government must appear on February 23rd, 2007, at 11:00 a.m., to show cause why Mr. Aslam should not be immediately naturalized.

The clerk is directed to send copies of this Order to all counsel of record.

Dated this 19th day of December, 2006.

Marsha J. Pechman
United States District Judge

ORDER - 5